RUBIN, FIORELLA & FRIEDMAN, LLP
James E. Mercante, Esq.
Gerald A. Greenberger, Esq.
630 Third Ave., 3rd Floor
New York, New York 10017
(212) 953-2381
Attorneys for Petitioner
Markel American Insurance Company

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

MARKEL AMERICAN INSURANCE COMPANY,

                              Petitioner,            Civil Action No.: 12-cv-02932
                                                     (ADS) (GRB)
vs.

THOMAS SILVER,

                              Respondent .

-------------------------------------------------------------------X

### REPLY MEMORANDUM OF LAW IN SUPPORT
### OF PETITION TO APPOINT AN UMPIRE

Petitioner Markel American Insurance Company ("MAIC") submits this Reply Memorandum

of Law in further support of its Petition to appoint an umpire.

Respondent Thomas Silver's papers demonstrate that there is no dispute that the Appraisal

provision in that Policy governs the evaluation of the damages when there is a dispute about the

extent of damages to an insured vessel.  Although Mr. Silver now wishes to again delay or avoid the

appraisal that would fairly determine the extent of damage to his yacht, this reply brief will

demonstrate that he has no basis to do so.

## POINT I

## RESPONDENT HAS STATED THAT
## A COURT SHOULD SELECT THE UMPIRE

There should be no dispute about the need to appoint an umpire or that the parties have reached an impasse.  Before the Petition, Mr. Silver stated **in writing** that a court should choose the umpire.  On June 5, 2012, counsel for MAIC questioned why MAIC had not heard from Silver after Silver apparently rejected an umpire who had been reportedly agreed by both Mark Leuly (the appraiser appointed by Silver) and Ronald Alcus (the appraiser appointed by MAIC).   Silver responded:

> Your understanding is incorrect.  I did not reject Mr. Alcus's suggestion of an umpire.  Mr. Leuly felt it would be **a better choice to be made by a judge to determine who the umpire would be.**

(*See* e-mails on page 1 of Exhibit 1 to the moving Affidavit of James E. Mercante, Esq.).  Mr. Silver's statement in June shows that both Mr. Silver himself, and the appraiser he appointed, recognized the need for a court to "determine who the umpire would be."  Thus, MAIC began this proceeding because of Silver's written position that court assistance was needed to select an umpire.  Nothing in Silver's papers demonstrates that the appraisal will make any progress without court assistance.[1]

There should also be no issue that the parties have reached an impasse in umpire selection.  Although Silver now disputes that an impasse exists, there has been no progress whatsoever since

---

[1]Respondent has insisted that the vessel be declared a total loss, failed to take steps to mitigate the damage, repeatedly refused to cooperate with MAIC and made a series of threats concerning MAIC's claims handling, in addition to delaying the appraisal process.

appraiser Leuly (and/or Mr. Silver) rejected the proposed umpire.[2]  In view of Silver's present

positions, continuing to raise all possible procedural "issues," there is no reason to believe that a

break-through is imminent.

**POINT II**

**THE PANEL SHOULD DETERMINE ITS OWN PROCEDURES**

Silver argues that the Petition should be dismissed because the appraisal provision is

"ambiguous and unenforceable" even though Mr. Silver himself had no prior issue with the policy's

dispute resolution wording.   Now, however, Respondent argues that there is a purported

inconsistency between the statement that the umpire shall "decide any differences" between the

party-appointed appraisers and the statement that an award in writing signed by any two members

of the Panel is enforceable.  The mandated procedures to be followed are not only straight-forward,

clear and consistent, but also not uncommon.

Even if they were an ambiguity in the wording, well-established law requires that a Panel,

rather than a Court, determine its arbitration/appraisal procedures and the scope of the Panel's own

authority.  *See e.g. Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444, 452-453 (2003)("[T]he

relevant question here is what kind of arbitration proceeding the parties agreed to. . . Arbitrators are

well situated to answer that question"); *Howsam v. Dean Witter Reynolds, Inc.* 537 U.S. 79, 84-85

(2002)("[I]ssues of procedural arbitrability, *i.e.* whether prerequisites such as *time limits*, notice,

---

[2] Unlike the two cases cited by Silver, *Global Reinsurance Corp. -- U.S. Branch v. Certain Underwriters at Lloyd's, London*, 465 F. Supp.2d 308 (S.D.N.Y. 2008) and *Travelers Indemnity Co. v. Gerling Global Reinsurance Corp.*, 2001 WL 546600 (S.D.N.Y. 2001), the umpire selection process here was not delayed by challenges to the neutrality of an arbitrator or amicable efforts to resolve the dispute.  Moreover, the appraisal provision now at issue provides no mechanism for selecting the umpire other than through a court and the parties here did not agree on any procedures for umpire selection.

laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide.")[italics in original]; *N.Y. State Federation of Physicians & Dentists v. Interfaith Medical Center*, 2007 WL 2743708, *3 (September 21, 2007 E.D.N.Y.)(Courts should grant "considerable deference toward arbitrators' determinations regarding the scope of their own authority", citing supporting cases from the 1st, 2nd, 5th and 9th Circuits.)

Thus, once the Panel is formed with the Court-appointed Umpire, the Panel can then determine the best course to set to resolve this dispute.

## POINT III

## THIS COURT SHOULD NAME AN UMPIRE

This Court is empowered by both New York CPLR 7601 and the Federal Arbitration Act, 9 U.S.C. §5, to appoint an umpire. *See* MAIC's moving Memorandum of Law at 3-4. Silver does not dispute the authority of this Court, but only concludes (without support) that the appraisal provision is not an enforceable arbitration agreement under the Federal Arbitration Act. He also argues that this Court should not exercise its discretion to grant relief under CPLR 7601– but conspicuously fails to explain why this Court should not name the umpire and let the appraisal process proceed.

Significantly, there is no showing of prejudice or any other detriment to Silver if an umpire is appointed without delay. Although there may be alternative ways available to select an umpire, the insurance contract's appraisal provision does not provide for any and the parties never agreed to any other process. Silver has failed to make any showing that any other means of umpire selection would result in a better, faster or more efficient process or would not result in a further application to this Court. On the other hand, permitting the process to become bogged down in procedural

wrangling would be against the grain of the insurance policy's goal of quick and efficient resolution of damage disputes.

## POINT IV

### THE UMPIRE MAY BE SELECTED FROM
### FROM PUBLICALLY AVAILABLE LISTS

MAIC proposed that an umpire be selected from either the Society of Accredited Marine Surveyors ("SAMS") or the National Association of Marine Surveyors ("NAMS").  Silver apparently agrees that an accredited marine surveyor should serve as the appraiser.  Silver objects to both organizations on various grounds and instead suggests an umpire from the US Surveyors Association, whose members *include Silver's appraiser*, Mr. Leuly.[3]  Even if the affiliations might arguably make the members of SAMS and the US Surveyors Association less independent, that criterion does no apply to NAMS.  Accordingly, MAIC respectfully requests that the Court appoint an individual from the National Association of Marine Surveyors who works on Long Island.

### CONCLUSION

For the reasons set forth above, MAIC respectfully requests that this Court issue an Order granting the Petition and:

1)   selecting a competent and disinterested umpire on Long Island  from the list of marine surveyors associated with NAMS;

2)   the court costs and expenses of the umpire and all other expenses of the appraisal be shared equally by Respondent and Petitioner as per the Policy's Appraisal provision; and

---

[3] Moreover, the web-site for the US Surveyor's Association indicates that their members have worked for insurers such as BoatUS, USAA, Reliance and Travelers. Thus, Silver's objection to SAMSA and NAMS for that reason has no merit.

3)      granting such other and further relief as this Court may deem
        just and proper.

Dated: New York, New York
       July 18, 2012                        **RUBIN FIORELLA & FRIEDMAN, LLP**

                                    By:     _____s//_____
                                            James E. Mercante, Esq.
                                            Gerald Greenberger, Esq.

                                            Attorneys for Petitioner
                                            Markel   American   Insurance   Company

                                            630 Third Avenue, 3rd Floor
                                            New York, New York 10017
                                            Tele. (212) 953-2381
                                            Fax. (212) 953-2462
                                            Email: jmercante@rubinfiorella.com
                                                   ggreenberger@rubinfiorella.com

S:\GGreenberger\625-23737\Reply Memo.wpd